F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JUL 15 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

vs.

ANTONIO MARISCAL-PENA,

     Defendant - Appellant.

No. 02-3030
(D.C. No. 01-CV-3228-WEB)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

---

Defendant - Appellant Antonio Mariscal-Pena, a federal inmate appearing

pro se, seeks a certificate of appealability ("COA") allowing him to appeal the

district court's order denying relief on his motion pursuant to 28 U.S.C. § 2255.

Because Mr. Mariscal-Pena has failed to make a "substantial showing of the

denial of a constitutional right," 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

U.S. 473, 483-84 (2000), we deny a COA and dismiss the appeal.

In May 1999, Mr. Mariscal-Pena pled guilty to distribution of methamphetamine in violation of 21 U.S.C. § 841 and conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846. In July, he was sentenced to 120 months imprisonment. Mr. Mariscal-Pena did not directly appeal his sentence. Almost two years later, he filed this 28 U.S.C. § 2255 petition. Mr. Mariscal-Pena argues that his conviction is void because (1) the indictment did not include drug quantities in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000)[1] and (2) he received ineffective assistance of counsel. The district court denied the § 2255 motion as time-barred, at least insofar as the Apprendi claims, holding that Apprendi was not retroactive. It then denied Mr. Mariscal-Pena's ineffective assistance claim on the merits. While we agree with the district court's merits disposition, it is unnecessary to reach it.

Before reaching the merits of Mr. Mariscal-Pena's motion, it is necessary to determine whether it is timely. A one-year period of limitation applies to a § 2255 motion. The limitation period runs from the latest of -

> (1) the date on which the judgment of conviction became final;
> [or]
> (3) the date on which the right asserted was initially recognized

---

[1] The Court has recently addressed this argument. United States v. Cotton, 122 S. Ct. 1781, 1784-85 (2002) (omission of drug quantity in an indictment is not jurisdictional).

by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

28 U.S.C. § 2255.

Mr. Mariscal-Pena filed his § 2255 motion almost two years after his conviction became final. Consequently, his ineffective assistance of counsel claim is time-barred. As to the Apprendi issue, this court has already determined that Apprendi is not retroactively applicable to initial habeas petitions and § 2255 motions. United States v. Mora, No. 01-8020, __ F.3d __, 2002 WL 1317126, at *3-4 (10th Cir. June 18, 2002). Therefore, although Mr. Mariscal-Pena's motion was filed within one year of the Apprendi decision, his Apprendi claim is also time-barred.

We DENY a COA and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge